# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIANE KLETSCH,<br><br>Defendant. | Case No. CR12-3033<br><br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of July, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by her attorney, Cory Goldensoph.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 19, 2012, Defendant Diane Kletsch was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine. At the arraignment on July 24, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 24, 2012.

At the hearing, DEA Special Agent Chris Nissen testified regarding the circumstances underlying the instant charge. Defendant is named in a conspiracy to distribute methamphetamine in northwest Iowa. In January 2012, Defendant was a cooperating individual with law enforcement. She voluntarily admitted that Yolanda Hernandez was her source for methamphetamine. Phone calls that were monitored by law enforcement indicated that Defendant and Hernandez talked about meeting each other in Southern Texas because Defendant indicated that Hernandez should not return to Iowa due to legal issues in Iowa.

At some point in time, Brent Lamp, a co-conspirator, was in South Texas obtaining methamphetamine from Hernandez at the same time as Defendant was obtaining metamphetamine. Lamp told law enforcement that he and Defendant both obtained 8 ounces of methamphetamine from Hernandez.[1]

Additionally, on November 11, 2011, a search warrant was executed on Defendant's residence. Law enforcement found items related both to the use and distribution of methamphetamine in Defendant's residence. Lamp told law enforcement that Defendant told him that law enforcement found methamphetamine in a pot under potting soil.[2] According to Lamp, Defendant also told him that she flushed some methamphetamine down the toilet around the time that the search warrant was executed.

According to the pretrial services report, Defendant is 49 years old. She was born in Blue Earth, Minnesota. Her father currently resides in New Almelo, Kansas. She also has two brothers and two sisters who reside in several midwestern states. According to Defendant, she only keeps in touch with one of her brothers. She has lived Superior, Iowa, for the past 21 years.

Defenant is currently married. She has also been married twice before. She has three adult children who all reside in the midwest. Defendant told the pretrial services officer that she has worked at JD Brandi, a trucking company owned by her husband, for the past 3 years. According to Defendant, she suffers from degenerative disc disease, and receives an annual spinal injection for pain. She reports no present or past mental or emotional health concerns. However, since her arrest on the instant federal charge, Defendant attempted to cut her left wrist. She told the pretrial services officer that she overreacted to being charged in federal court, and no longer has thoughts of suicide. Defendant stated that she does not consume alcohol, and last smoked marijuana 20 years

---

[1] Special Agent Nissen testified that 8 ounces of methamphetamine was dealer quantity, not individual user quantity.

[2] According to Nissen, this information was consistent with law enforcement's information.

ago. She further stated that she began using methamphetamine at age 27, but has not used in the past nine months. She has participated in drug treatment within the past year.

On June 5, 2007, Defendant was charged with fifth degree theft. The case was transferred to a June 7, 2007 charge for fourth degree fradulent practice. The charges were ultimately dismissed.

On August 19, 2008, while charges in Iowa were pending, Defendant was charged and later convicted of issuing a dishonored check in Martin County, Minnesota. Defendant failed to appear for her initial appearance. Later, she failed to appear for her arraignment. An arrest warrant was issued, and later returned. She was sentenced to 4 days in jail, and 3 years probation. In November 2011, a probation violation was alleged. In December 2011, a probation violation was admitted. She was sentenced to 19 days in jail, and her probation was reinstated. In June 2012, a second probation violation was admitted. Defendant's probation violations included failing to submit monthly reports, testing positive for drug use on multiple occasions, committing additional criminal offenses, and failing to attend several drug treatment appointments.

On January 5, 2010, while charges were pending, Defendant was charged with third degree theft. This charge was later dismissed. On October 20, 2011, while on probation in the Minnesota case, Defendant was charged with two separate counts of possession of a controlled substance. Both counts were recently dismissed.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character,

physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id*. *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. While it is difficult for the Court in a detention hearing

to weigh the evidence of an alleged conspiracy, it appears that the evidence against Defendant is strong. Defendant admits that she was supplied methamphetamine from Yolanda Hernandez. In a search warrant executed on Defendant's residence, law enforcement found evidence of items associated with the distribution of methamphetamine.

As a general proposition, the distribution of drugs constitutes a general danger to the community. The Court is particularly concerned with Defendant's history of failing to appear for court proceedings and violating probation. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if she were released. Accordingly, there is no condition or combination of conditions that would assure Defendant's appearance for court proceedings, or assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, Defendant's history of multiple violations of probation, Defendant's history of failing to appear for court proceedings, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant is hereby advised of her right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 24, 2012) to the filing of this Ruling (July 30, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27 day of July, 2012.

LEONARD T. STRAND
MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA